```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
                                      :
In re:                                : Case No. 02-41729 (REG)
                                      : Jointly Administered
ADELPHIA COMMUNICATIONS CORP.,        :
et al.,                               :
                                      :
                    Debtors.          :
                                      :
```

**FIRST AMENDED STIPULATION AND ORDER REGARDING (1) THE CREDITORS' COMMITTEE'S MOTION FOR LEAVE TO PROSECUTE CLAIMS AND CAUSES OF ACTION AGAINST THE PRE-PETITION AGENTS AND PRE-PETITION SECURED LENDERS, (2) THE EQUITY COMMITTEE'S MOTION TO INTERVENE IN THE ADVERSARY PROCEEDING AND (3) THE PRE-PETITION AGENTS' RESPONSES IN OPPOSITION TO THE MOTIONS OF THE CREDITORS' COMMITTEE AND THE EQUITY COMMITTEE AND ALTERNATIVE MOTIONS TO DISMISS THE CREDITORS' COMMITTEE'S COMPLAINT**

## Recitals

A. On June 10, 2002, Century Communications Corporation ("CCC"), and on June 25, 2002, the rest of the above-captioned debtors and debtors in possession (collectively, with CCC, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and thereafter have been operating their businesses and managing their properties as debtors in possession.

B. On July 11, 2002, the United States Trustee for the Southern District of New York (the "UST") appointed the

Official Committee of Unsecured Creditors (the "Creditors' Committee").

  C. On July 31, 2002, the UST appointed the Official Committee of Equity Security Holders (the "Equity Committee").

  D. Pursuant to an order of this Court dated August 23, 2002 (as amended, modified or supplemented from time to time,[1] the "Final DIP Order")[2] the Court, <u>inter</u> <u>alia</u>, (1) authorized the Debtors to obtain post-petition financing; (2) authorized the Debtors to use cash collateral; and (3) fixed certain dates by which parties in interest could file claims, among other things, challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the Pre-Petition Agents' or the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral, or otherwise asserting claims or causes of action against the Pre-Petition Agents or the Pre-Petition Secured Lenders (as such claims or causes of action are currently set forth in the Amended DIP Order Stipulation, the "Lender Claims").

---

[1] Including pursuant to that certain Amended and Superseding Stipulation and Consent Order Modifying Final Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing and (B) to Utilize Cash Collateral, and (II) Granting Adequate Protection to Pre-Petition Secured Parties, dated July 8, 2003 (the "Amended DIP Order Stipulation").

[2] Capitalized terms not otherwise defined in this Stipulation and Order have the meanings ascribed to them in the Final DIP Order. All descriptions herein of the terms of the Final DIP Order and the Amended DIP Order Stipulation are subject to and qualified by reference to the terms of the Final DIP Order and the Amended DIP Order Stipulation, respectively.

E.  The Creditors' Committee has filed a Motion[3] (the "Committee's Standing Motion") and has filed an adversary complaint (the "Complaint") in Adversary Proceeding No. 03-04942 (REG) (the "Adversary Proceeding") entitled "Adelphia Communications Corp. et al. vs. Bank of America, N.A., et al." (the defendants in such Adversary Proceeding, collectively, the "Defendants").  In addition, the Equity Committee has filed a Motion[4] seeking the right to intervene in the Adversary Proceeding (the "Equity Committee's Intervention Motion"; and together with the Committee's Standing Motion, the "Committee Motions").

F.  The Pre-Petition Agents[5] intend to file motions to dismiss the Complaint and other motions, which pleadings may include opposition to the Committee Motions (collectively, the "Agents' Motions to Dismiss").

---

[3] Motion of the Official Committee of Unsecured Creditors for Order Approving Stipulation Among the Debtors, the Creditors' Committee and the Equity Committee, Authorizing the Creditors' Committee to Prosecute Claims and Causes of Action Against the Pre-Petition Agents and Pre-Petition Secured Lenders and Granting the Equity Committee the Right to Intervene, dated July 6, 2003 (docket no. 1855).

[4] Official Committee of Equity Security Holders' Joinder in the Motion of the Official Committee of Unsecured Creditors for Order Approving Stipulation Among the Debtors, the Creditors' Committee, and the Equity Committee Authorizing the Creditors' Committee to Prosecute Claims and Causes of Action Against the Pre-Petition Agents and Pre-Petition Secured Lenders and Granting the Equity Committee the Right to Intervene, dated July 6, 2003 (docket no. 1856).

[5] The term "Pre-Petition Agents" as used herein refers solely to each of the administrative agents under the Co-Borrowing Facilities and the Non-Co-Borrowing Facilities (as such terms are defined in the Complaint).

-3-

G.  On July 29, 2003, this Court entered a stipulation and order (the "Original Stipulation") which, among other things, set forth a briefing schedule in respect of the Motions (as defined below).  Certain of the Pre-Petition Agents have requested that the dates referred to in paragraph 2 of the Original Stipulation be extended by a period of two (2) weeks.  The Debtors, the Creditors' Committee, the Equity Committee and the Pre-Petition Agents have agreed, pursuant to paragraph 16 of the Original Stipulation, to amend the dates set forth in the Original Stipulation, as provided for below.

H.  The Debtors, the Creditors' Committee, the Equity Committee and the Pre-Petition Agents believe that these cases would be best advanced and the interests of judicial economy would be best served by the entry of this Stipulation and Order governing the Complaint and the Adversary Proceeding.

## Stipulation

Now, therefore, it is hereby stipulated and agreed by and among the undersigned as follows:

### Briefing Schedule and Answering Deadlines

1.  The Committee Motions and the Agents' Motions to Dismiss (collectively, the "Motions") shall be briefed and argued together.

-4-

        2.    Briefing of the Motions shall be on the following schedule[6]:

        (a)    The Pre-Petition Agents' papers in opposition to the Committee Motions and in support of the Agents' Motions to Dismiss shall be filed and served on or before October 3, 2003;

        (b)    The Creditors' Committee's and Equity Committee's papers in opposition, or otherwise responsive, to the Agents' Motions to Dismiss (and any other motions to dismiss or other motions addressed to the Complaint filed on or before October 3, 2003 pursuant to paragraph 2(d) below by any other parties) and in further support of the Committee Motions shall be filed and served on or before November 24, 2003; and

        (c)    The Pre-Petition Agents' papers in further support of the Agents' Motions to Dismiss and in further opposition to the Committee Motions shall be filed and served on or before December 8, 2003.

        (d)    Pleadings by (i) any Defendant named in the Complaint (other than Pre-Petition Agents) either in opposition to the Committee Motions or in support of any motion to dismiss or other motions addressed to the Complaint and (ii) the Debtors, with respect to any issues raised in the pleadings, may be, but are not required to be, filed in accordance with the schedule set forth in paragraphs 2(a) and (c) above.

        3.    The hearing on the Motions shall be at a date to be set by the Court.

        4.    The time for each of the Pre-Petition Agents and any Defendant who files pleadings as provided in paragraph 2(d)

---

[6] The parties reserve their rights to revisit the schedule, including without limitation as necessary to address any additional issues that may be raised in any complaint filed by the Equity Committee on or prior to August 5, 2003.

-5-

to answer the Complaint (as to all claims for relief which are not dismissed) shall be and hereby is extended until the later of (i) forty-five (45) days after service of the Complaint and (ii) forty-five (45) days after the resolution by the Bankruptcy Court of the Agents' Motions to Dismiss.

5.  The time for any Defendant who: 1) has been named in the Complaint solely as a lender pursuant to a Co-Borrowing Facility or Facilities and/or a Non-Co-Borrowing Facility or Facilities (as those terms are defined in the Complaint) and not in any other capacity (the "Lender Defendants"[7]); and 2) elects not to file pleadings in accordance with the schedule set forth in paragraph 2 above, to answer, move, or otherwise respond to the Complaint shall be and hereby is extended until the later of (i) forty-five (45) days after service of the Complaint and (ii) forty-five (45) days after the resolution by the Bankruptcy Court of the Agents' Motions to Dismiss.

6.  The time for any other non-moving Defendant (*i.e.*, any other Defendant who is neither a Pre-Petition Agent nor a Lender Defendant) who elects not to file pleadings in accordance with the schedule set forth in paragraph 2 above) to answer, move, or otherwise respond to the Complaint shall be and hereby is extended until the later of (i) forty-five (45) days

---

[7] It being understood that the Lender Defendants shall include any lender, other than the Pre-Petition Agents, notwithstanding that such lender may have been designated as an "agent" in some capacity under a Co-Borrowing Facility or Facilities and/ or Non-Co-Borrowing Facility or Facilities.

after service of the Complaint and (ii) twenty (20) days after the filing of the Agents' Motion to Dismiss.

### Debtors' Authority

7. The Debtors and the Equity Committee consent to the relief requested in the Committee's Standing Motion.

8. To the extent the Committee's Standing Motion is granted, the Debtors shall remain a nominal party to the Adversary Proceeding, but shall not be bound by any of the allegations in the Complaint, and the Debtors shall have the right to oppose any proposed amendments to the Complaint, including any amendments to add any additional Lender Claims not included within the Complaint annexed hereto or to eliminate any of the Lender Claims currently identified therein, by seeking appropriate relief through this Court.

9. To the extent the Committee's Standing Motion is granted, the Debtors and the Creditors' Committee consent to the relief requested in the Equity Committee's Intervention Motion and agree that the Equity Committee, as intervenor, shall not be bound by any of the allegations in the Complaint.

10. Notwithstanding anything set forth herein, to the extent the Committee's Standing Motion is granted, (a) the Debtors shall retain the right to compromise and to settle the Lender Claims, whether pursuant to a plan of reorganization or otherwise; and (b) parties-in-interest shall retain the right to

oppose such settlement(s), in each case as if this Stipulation and Order never existed and the Debtors had retained exclusive control over the Lender Claims.

### Discovery

11. Apart from the agreed-upon discovery currently being taken by the Creditors' Committee and the Equity Committee pursuant to Bankruptcy Rule 2004, all parties reserve their rights to conduct or oppose future discovery.

### Reservation of Rights

12. Except as otherwise expressly provided in this Stipulation and Order, all parties reserve all of their rights, claims and defenses with respect to all matters, including all matters related to the Lender Claims, the Adversary Proceeding and the Debtors' chapter 11 cases. This Stipulation and Order is without prejudice to the rights of the parties to make any other applications for relief.

### Bar Date Satisfied

13. The deadlines referred to in subsection (a) of paragraph 15 of the DIP Order (as amended by the Amended DIP Order Stipulation) are deemed satisfied by the Debtors, the Creditors' Committee and, provided that the Equity Committee's Intervention Motion shall not have been denied by final order, the Equity Committee, as to (i) all claims set forth in the Complaint and (ii) the claims set forth in any amendments to the

-8-

Complaint, to the extent such amendments are determined by the Bankruptcy Court to relate back to the filing of the Complaint.

### Authority to Effect Service

14. Notwithstanding anything herein to the contrary, pending the determination of the Committee's Standing Motion, the Creditors' Committee may effect service of the Complaint and the summons in connection therewith pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure. Counsel for the Defendants whose signature appears below agrees to accept service of the summons and the Complaint on behalf of his client in its individual capacity, but not on behalf of any individual Lender Defendant in the syndicate for which his client serves as Pre-Petition Agent. This is without prejudice to the rights of any Defendant to assert that the Creditors' Committee lacks standing or authority to take any action, other than effecting service of the Complaint pursuant to the terms hereof, in connection with the prosecution of the Adversary Proceeding.

### Miscellaneous

15. This Stipulation and Order may be signed in counterparts. Facsimile signatures shall have the same validity as originals.

16. This Stipulation and Order may not be amended without the written agreement of all parties and approval of the Court.

096900-0011-01547-NY03.2280548.7

17.  This Court shall retain exclusive jurisdiction to interpret, enforce and resolve any disputes under this Stipulation and Order.

Dated:  New York, New York
        September 18, 2003

    KASOWITZ, BENSON, TORRES
    & FRIEDMAN LLP

    <u>/s/ Adam L. Shiff</u>
    David M. Friedman (DF-4278)
    Adam L. Shiff (AS-7571)
    1633 Broadway
    New York, NY  10019
    (212) 506-1700

    ATTORNEYS FOR THE OFFICIAL
    COMMITTEE OF UNSECURED CREDITORS

    KLEE, TUCHIN, BOGDANOFF
    & STERN LLP

    <u>/s/ David M. Stern</u>
    David M. Stern
    Martin R. Barash
    Edward T. Attanasio
    2121 Avenue of the Stars
    33rd Floor
    Los Angeles, CA  90067
    (310) 407-4000

    ATTORNEYS FOR THE OFFICIAL
    COMMITTEE OF UNSECURED CREDITORS

BRAGAR WEXLER EAGEL
& MORGENSTERN LLP


 /s/ Gregory A. Blue
Peter D. Morgenstern (PM-5021
Gregory A. Blue (GB-9569)
885 Third Avenue, Suite 3040
New York, NY  10022
(212) 308-5858

ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF EQUITY SECURITY
HOLDERS

WILLKIE FARR & GALLAGHER LLP


 /s/ Paul Shalhoub
Marc Abrams (MA-0735)
Paul Shalhoub (PS-2133)
787 Seventh Avenue
New York, NY  10019-6099
(212) 728-8000

ATTORNEYS FOR THE DEBTORS AND
DEBTORS-IN-POSSESSION

096900-0011-01547-NY03.2280548.7

SIMPSON THACHER & BARTLETT LLP

/s/ Peter V. Pantaleo
Peter V. Pantaleo (PP-5932)
William T. Russell, Jr. (WR-0998)
425 Lexington Avenue
New York, NY 10017-3954
(212) 455-2000

ATTORNEYS FOR WACHOVIA BANK,
NATIONAL ASSOCIATION, AS AGENT
UNDER THE UCA/HHC FACILITY

LUSKIN, STERN & EISLER LLP

/s/ Michael Luskin
Michael Luskin (ML 3957)
330 Madison Avenue
Suite 3400
New York, NY 10017
(212) 293-2700

ATTORNEYS FOR THE BANK OF NOVA
SCOTIA, AS ADMINISTRATIVE AGENT
UNDER THE PARNASSOS FACILITY

HAYNES AND BOONE, LLP

/s/ Thomas E. Kurth
Robin E. Phelan (TX-15903000)
Thomas E. Kurth
Richard D. Anigian
901 Main Street
Suite 3100
Dallas, TX 75202
(214) 651-5612

ATTORNEYS FOR BANK OF AMERICA,
N.A., AS AGENT UNDER THE CENTURY
FACILITY

-12-

```
                              WHITE & CASE LLP


                                 /s Glenn M. Kurtz
                              Howard S. Beltzer (HB-5721)
                              Glenn M. Kurtz (GK-6272)
                              Karen M. Asner (KA-5950)
                              1155 Avenue of the Americas
                              New York, NY  10036
                              (212) 819-8200

                              ATTORNEYS FOR BANK OF AMERICA,
                              N.A., AS AGENT UNDER THE CENTURY
                              FACILITY

                              MILBANK, TWEED, HADLEY & MCCLOY
                              LLP


                                 /s/ Scott A. Edelman
                              Luc A. Despins (LD-5141)
                              Scott A. Edelman
                              Craig P. Druehl (CD-2657)
                              1 Chase Manhattan Plaza
                              New York, NY  10005
                              (212) 530-5000

                              ATTORNEYS FOR CITIBANK, N.A., IN
                              ITS CAPACITY AS ADMINISTRATIVE
                              AGENT FOR THE CENTURY-TCI LENDERS

                              MILBANK, TWEED, HADLEY & MCCLOY
                              LLP


                                 /s/ James C. Tecce
                              Dennis F. Dunne
                              David R. Gelfand
                              James C. Tecce (JT-5910)
                              1 Chase Manhattan Plaza
                              New York, NY  10005
                              (212) 530-5000

                              ATTORNEYS FOR JPMORGAN CHASE BANK,
                              IN ITS CAPACITY AS ADMINISTRATIVE
                              AGENT FOR THE FRONTIERVISION
                              LENDERS
```

096900-0011-01547-NY03.2280548.7

        MAYER, BROWN, ROWE & MAW LLP

          /s/ Kenneth E. Noble
        J. Robert Stoll
        Kenneth E. Noble (KN-4842)
        1675 Broadway
        New York, NY 10019
        (212) 506-2208

        ATTORNEYS FOR BANK OF MONTREAL, AS
        ADMINISTRATIVE AGENT FOR THE
        OLYMPUS LENDER GROUP

SO ORDERED this **19th**
day of September 2003.
***s/ Robert E. Gerber***
Honorable Robert E. Gerber
United States Bankruptcy Judge