UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                    )
In re:                                              )        Chapter 11
                                                    )
Adelphia Communications Corp., *et al.*,            )        Case No. 02-41729 (REG)
                                                    )
                              Debtors.              )        Jointly Administered
———————————————————————)


BENCH DECISION[1] ON INTERCREDITOR ISSUES
WITH RESPECT TO MANNER OF TREATMENT
OF DEBTORS' SCHEDULES; ADMISSIBILITY OF
DEBTORS' ACCOUNTING RECORDS; BURDENS
OF COMING FORWARD AND PROOF WITH
RESPECT TO THEM; AND PROPRIETY UNDER
BANKRUPTCY LAW OF POSTPETITION
RESTATEMENT OF FINANCIAL STATEMENTS


        I am now issuing my remaining rulings on the threshold issues relating to the

intercompany obligations, as addressed in Week 1 of the Motion in Aid.[2]  For reasons to be

set out at greater length if necessary, I rule:

*1.  Significance of Schedules*

        The Debtors' schedules start as prima facie evidence of the obligations stated

therein.  The great bulk of the Debtors' liabilities were not shown as disputed, unliquidated

or contingent, and with respect to any and all of such liabilities, creditors who have no

quarrel with them do not have to file proofs of claim to establish their claims.  The realities

---

[1]    I use bench decisions to lay out in writing decisions that are too long, or too important, to dictate in open court, but which must be issued in real time and do not permit more extensive or polished discussion.  Because they often start as scripts for decisions to be dictated in open court, they typically have fewer citations and other footnotes, and have a more conversational tone.

[2]    Familiarity with my earlier decision in *In re Adelphia Communications Corp*., --- B.R. ---, 2006 Bankr. LEXIS 75, 2006 WL 177159 (Bankr. S.D.N.Y. Jan 23, 2006) ("*Trustee Decision*"), is assumed.  Capitalized terms have the same meanings as in the *Trustee Decision*.

that schedules can be amended, or that they were prepared by or on behalf of Debtors with respect to liabilities owed to one another, do not detract in any way from that, or make the schedules less capable of being relied on. But just as proofs of claim can be challenged by a party in interest, schedules can be challenged too, and if challenged (as they have been here), the schedules no longer have a presumption of validity.

Anyone who wishes to challenge schedule entries has the burden of coming forward to do so. But the burden of coming forward is not the same as the burden of proof. And once the schedules are challenged, the Court must then consider issues relating to the existence, amount and priority of the underlying intercompany liabilities on the merits.

### 2. *Hearsay Objection to Admissibility of Ledgers et al. as Business Records*

As announced on February 3, 2006, and for the reasons then set forth at length on the record, the Debtors' financial statements, ledgers, journal entries and other accounting records, whether prepared before or after the restatement—and, indeed, whether prepared during the Rigas era or thereafter—are not inadmissible hearsay. They are business records admissible into evidence, for the truth of the matter asserted (including, in particular, the existence of intercompany obligations), under Fed. R. Evid. 803(6) and 803(7). As a consequence, they may be used to prove or disprove the existence of intercompany obligations in a situation, like this one, where the schedules have been challenged.

### 3. *Burdens of Proof*

In a claims context, the burden of proof is not the same as the burden of coming forward. Because establishing an intercompany liability or claim is, in my view, essentially establishing a particular type of claim, the same burdens that are applicable to establishing the allowability of claims exist here as well. Thus a party asserting the

existence of a claim has the burden of establishing, by a preponderance of the evidence, that the claim is valid.

### 4.  Significance of Business Records

With the schedules having been challenged, the schedules themselves are no longer sufficient by themselves to establish the existence or amount of intercompany claims.  But the financial statements, ledgers, journal entries and other accounting business records (together, the "Business Records") underlying the schedules may be used to establish the intercompany receivables or payables that the schedules show.  The Business Records, in turn, will be evidence of the "right to payment" by which "claim" is defined.

But to say that the Business Records may be used for that purpose is not to say that the Business Records conclusively establish such claims, or that they presumptively do.  To the contrary, no presumptions that would alter usual burdens of proof would attach to the Business Records.

### 5.  Use of Business Records

Rather, the Business Records, once in evidence, can be used like any other evidence tending to prove or disprove the existence of a fact in question—including, as relevant here, the existence of intercompany obligations, and, hence, intercompany claims.  The Business Records, now that they are in evidence, will be as persuasive in establishing the obligations they reflect as the circumstances warrant.

Under the facts here, those circumstances will include, at the least:

— the extent to which the Business Records are mathematically disputed;

— the extent to which the Business Records record or fail to record transactions that seemingly should have been recorded;

— the degree of effort, care, thought and integrity that went into the accounting entries in question, when first made and when corrected as part of the restatement process;

— express or implied qualifications and caveats in the Business Records;

— the extent to which obligations seemingly appearing from the Business Records conform to, or are contradicted by, other relevant evidence;

— the extent to which transactions reflected in the Business Records had economic substance;

— why do various Debtors (including, inter alia, holding companies) show the liabilities they show;

— the extent to which any alternate means of accounting would more accurately track where money actually went, on whose behalf money was paid, or for whose benefit money was spent;

— the extent to which any aspect of the Business Records is the result of purely historic facts, on the one hand, or judgmental matters, on the other (and, if the latter, the extent to which the judgmental calls should be respected); and

— the extent to which the Business Records' assumptions or

conclusions should be trumped by determinations of law or of mixed

questions of fact and law that are up to the courts to decide.

These matters, along with any other relevant matters not listed, will be considered in Week

2 or in other proceedings to follow.

The matter of the existence of intercompany obligations should not be confused

with what I regard as separate issues: whether intercompany obligations should be avoided;

whether they should be *pari passu* with other obligations, subordinated to other obligations,

or some other possibility; or whether they should be recharacterized to be deemed to be

contributions of equity and not debt.

*6. Section 362/Section 549 Contentions*

The Debtors' restatement of their financial statements, and related amendment of

their schedules, did not violate section 362 of the Code, nor constitute unauthorized

postpetition transfers voidable under section 549 of the Code.  That would be so even if the

Debtors' qualifications and disclaimers with respect to the restated financials had been

narrower or had not been made at all.

* * *

I think these conclusions fall on the "more obvious" end of the spectrum of

difficulty with respect to the matters that are in controversy.  But to the extent anyone

nevertheless wishes to appeal these conclusions or seeks leave to appeal to do so, I will

supplement or replace this summary of the rulings with a more extensive discussion.  In

that connection, parties should identify the particular issue(s) they wish to have fleshed out,

unless they seriously dispute all of them.


Dated:  New York, New York                          **_s/Robert E. Gerber_**
         February **6**, 2006                          United States Bankruptcy Judge