# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Adelphia Communications Corporation, et al. | Chapter 11<br>Case No. 02-41729 (REG) |
| Debtors | Jointly Administered |
| Rembrandt Technologies LP | Adversary Proceeding |
| *Plaintiff* | No. _____ |
| v. | |
| Adelphia Communications Corporation;<br>Century-TCI California, LP;<br>Century-TCI California Communications, LP;<br>Century-TCI Distribution Company, LLC;<br>Century-TCI Holdings, LLC;<br>Parnassos, LP;<br>Parnassos Communications, LP;<br>Parnassos Distribution Company I, LLC;<br>Parnassos Distribution Company II, LLC;<br>Parnassos Holdings, LLC;<br>Western NY Cablevision, LP | |
| *Defendants* | |

## COMPLAINT FOR POST-PETITION PATENT INFRINGEMENT

Plaintiff Rembrandt Technologies, LP files this complaint for post-petition infringement of United States Patent Nos. 5,710,761; 5,778,234; 6,131,159 and 6,950,444 under 35 U.S.C. § 271. All acts of infringement alleged herein relate solely to acts by the Defendants that occurred after the applicable petition dates set forth herein and before July 31, 2006.

## PARTIES

1. Plaintiff Rembrandt Technologies, LP ("Rembrandt") is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

1

2. Defendant Adelphia Communications Corporation ("ACC") is a corporation organized under the laws of the State of Delaware. On June 25, 2002, ACC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York in a case captioned *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). That case remains pending in the bankruptcy court. ACC's principal place of business on the Petition Date was located in Coudersport, Pennsylvania, and is currently located in Greenwood Village, Colorado. ACC was one of the leading cable and telecommunications companies in the United States. Since seeking bankruptcy protection on June 25, 2002, ACC continued to provide cable internet and television services to consumers throughout the United States until the sale of substantially all of its assets on July 31, 2006.

3. Defendant Century-TCI California, LP is a partnership organized under the laws of the State of Delaware. Century-TCI California, LP is an affiliate of ACC. On June 25, 2002, Century-TCI California, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI California, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

4. Defendant Century-TCI California Communications, LP is a partnership organized under the laws of the State of Delaware. Century-TCI California Communications, LP is an affiliate of ACC. On June 25, 2002, Century-TCI California Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI California Communications, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

5. Defendant Century-TCI Distribution Company, LLC is a limited liability company organized under the laws of the State of Delaware. Century-TCI Distribution Company, LLC is an affiliate of ACC. On October 6, 2005, Century-TCI Distribution Company, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI Distribution Company, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

6. Defendant Century-TCI Holdings, LLC is a corporation organized under the laws of the State of Delaware. Century-TCI Holdings, LLC is an affiliate of ACC. On June 25, 2002, Century-TCI Holdings, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI Holdings, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

7. Defendant Parnassos Communications, LP is a partnership organized under the laws of the State of Delaware. Parnassos Communications, LP is an affiliate of ACC. On June 25, 2002, Parnassos Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos Communications, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

8. Defendant Parnassos Distribution Company I, LLC is a limited liability company organized under the laws of the State of Delaware. Parnassos Distribution Company I, LLC is an affiliate of ACC. On October 6, 2005, Parnassos Distribution Company I, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of

New York. Parnassos Distribution Company I, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

9. Defendant Parnassos Distribution Company II, LLC is a limited liability company organized under the laws of the State of Delaware. Parnassos Distribution Company II, LLC is an affiliate of ACC. On October 6, 2005, Parnassos Distribution Company II, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos Distribution Company II, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

10. Defendant Parnassos Holdings, LLC is a corporation organized under the laws of the State of Delaware. Parnassos Holdings, LLC is an affiliate of ACC. On June 25, 2002, Parnassos Holdings, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos Holdings, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

11. Defendant Parnassos, LP is a partnership organized under the laws of the State of Delaware. Parnassos, LP is an affiliate of ACC. On June 25, 2002, Parnassos, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

12. Defendant Western NY Cablevision, LP is a partnership organized under the laws of the State of Delaware. Western NY Cablevision, LP is an affiliate of ACC. On June 25, 2002, Western NY Cablevision, LP filed a petition in bankruptcy under Chapter 11 in the United

4

States Bankruptcy Court for the Southern District of New York.  Western NY Cablevision, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).

13.   On information and belief, Defendants are liable for the infringement of Rembrandt's patents as alleged herein.  Rembrandt makes these allegations with regard to particular Defendants based on a review of publicly available information.  Other affiliates of ACC may also be liable for infringement of these patents.  Rembrandt intends to amend this pleading to add other ACC affiliates who have infringed Rembrandt's patents or, if appropriate, to dismiss Defendants who are shown not to have engaged in any infringing activity.

## JURISDICTION AND VENUE

14.   This is an action for patent infringement arising under the law of the United States relating to patents, including, *inter alia*, 35 U.S.C. §§ 271, 281, 284 and 285.  This court has jurisdiction over such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.   For the avoidance of doubt and for the sake of clarity, Plaintiffs hereby explicitly state that all acts of infringement alleged herein relate solely to actions taken by Defendants *after* their filing for bankruptcy in this district on June 25, 2002 or October 6, 2005, as applicable, and *before* the acquisition by Time Warner Cable and Comcast on July 31, 2006 (such period for each Defendant, the "Post-Petition Period").  Plaintiffs hereby explicitly state and affirm that they are not seeking relief for any actions of Defendants that occurred prior to the filing of ACC's bankruptcy petition.  ACC continued to operate its cable internet and television businesses after June 25, 2002 and prior to its acquisition.  In doing so, as alleged in greater detail below, ACC engaged in post-petition acts of infringement that have damaged Rembrandt.

It is solely based on these post-petition actions, and for relief under the United States patent laws, that Rembrandt brings this action.

16. This Court has personal jurisdiction over the Defendants because one or more events giving rise to the causes of action herein occurred in this district and because the Defendants have submitted to the jurisdiction of this Court.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1409(a).

### **COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,710,761**

18. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-17 above.

19. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,710,761, entitled "Error Control Negotiation Based on Modulation" ("the '761 patent."). A true copy of the '761 patent is attached as Exhibit A.

20. The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998, after full and fair examination.

21. During the Post-Petition Period, the Defendants have directly or indirectly infringed the '761 patent by practicing or causing others to practice, by inducement or contributorily, the inventions claimed in the '761 patent, in this district and otherwise within the United States. For example, Defendants infringed the '761 patent by providing high-speed cable modem internet products and services to subscribers.

22. Rembrandt suffered substantial damages due to the Defendants' infringement. Furthermore, upon information and belief, such infringement was willful, making this an

6

exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,778,234

23. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-17 above.

24. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" ("the '234 patent."). A true copy of the '234 patent is attached as Exhibit B.

25. The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998, after full and fair examination.

26. During the Post-Petition Period, the Defendants have directly or indirectly infringed the '234 patent by practicing or causing others to practice, by inducement or contributorily, the inventions claimed in the '234 patent, in this district and otherwise within the United States. For example, the Defendants infringed the '234 patent by providing high-speed cable modem internet products and services to subscribers.

27. Rembrandt suffered substantial damages due to the Defendants' infringement. Furthermore, upon information and belief, such infringement was willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,131,159

28. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-17 above.

7

29.     Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" ("the '159 patent."). A true copy of the '159 patent is attached as Exhibit C.

30.     The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000, after full and fair examination.

31.     During the Post-Petition Period, the Defendants have directly or indirectly infringed the '159 patent by practicing or causing others to practice, by inducement or contributorily, the inventions claimed in the '159 patent, in this district and otherwise within the United States. For example, the Defendants infringed the '159 patent by providing high-speed cable modem internet products and services to subscribers.

32.     Rembrandt suffered substantial damages due to the Defendants' infringement. Furthermore, upon information and belief, such infringement was willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,950,444

33.     Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-17 above.

34.     Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver" ("the '444 patent."). A true copy of the '444 patent is attached as Exhibit D.

35. The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005, after full and fair examination.

36. During the Post-Petition Period, Defendants directly or indirectly infringed the '444 patent by practicing or causing others to practice, by inducement or contributorily, the inventions claimed in the '444 patent, in this district and otherwise within the United States. For example, the Defendants infringed the '444 patent by providing high-speed cable modem internet products and services to subscribers.

37. Rembrandt suffered substantial damages due to the Defendants' infringement. Furthermore, upon information and belief, such infringement was willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Rembrandt prays that it have judgment from the District Court against the Defendants for the following:

(1) An order that the Defendants have infringed the patents-in-suit;

(2) An award of damages for said infringement;

(4) An award of increased damages pursuant to 35 U.S.C. § 284;

(5) An award of all costs of this action, including attorneys' fees and interest; and

(6) Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

9

Dated: September 13, 2006.                **SUSMAN GODFREY L.L.P.**

By: /s/ Vineet Bhatia
VINEET BHATIA (VB 9964)

MAX L. TRIBBLE, JR.
Texas Bar 20213950 (*application pending*)

EDGAR SARGENT
Washington Bar 28283 (*application pending*)

BROOKE A.M. TAYLOR
Washington Bar 33190 (*application pending*)

TIBOR L. NAGY
Texas Bar 24041562 (*application pending*)

SUSMAN GODFREY L.L.P.
590 Madison Ave., 8th Floor
New York, NY 10022
Main Telephone: (212) 336-8330
Main Fax: (212) 336-8340
Email: vbhatia@susmangodfrey.com
Email: mtribble@susmangodfrey.com
Email: esargent@susmangodfrey.com
Email: btaylor@susmangodfrey.com
Email: tnagy@susmangodfrey.com