UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
                                                                        )
In re:                                                                )          Chapter 11
                                                                        )
ADELPHIA COMMUNICATIONS CORP., *et al.*,    )
                                                                        )          Case No. 02-41729
            Debtors.                                            )          (Jointly Administered)
―――――――――――――――――――――――――――)

DECISION AND ORDER ON MOTION FOR
CLARIFICATION, OR ALTERNATIVELY, FOR
RECONSIDERATION

The ACC Bondholder Group moves for clarification, or alternatively for reconsideration, of my bench decisions declining to terminate exclusivity, and approving the Debtors' disclosure statement and parties' related supplemental solicitation material.

To the extent the motion seeks reconsideration, reconsideration is denied. The movants have shown nothing that the Court overlooked or failed to consider. *See* Local Bankruptcy Rule 9023-1. *See also*, *e.g.*, *In re Adelphia Business Solutions, Inc.,* 2002 WL 31557665 (Bankr. S.D.N.Y. 2002) (Gerber, J.) (denying motion for reargument, and discussing applicable law on reargument motions).

To the extent the motion seeks clarification, the motion is granted, to the extent noted below.

First, the ACC Bondholder Group notes, appropriately, that the Disclosure Bench Decision authorizes disclosure of a rejected settlement offer made by representatives of the ACC Noteholders' Committee. The ACC Bondholder Group seeks clarification that such determination does not extend to a ruling on the admission of such offer into evidence at the confirmation hearing, or at any separate or included settlement hearing. To the extent clarification of such is necessary, I agree. The thrust of my ruling as to

discussion of the settlement proposal in the Disclosure Bench Decision, as the ACC Bondholder Group understood (Motion at 5), was that parties could discuss as part of the solicitation process the similarities and differences between the rejected settlement proposal and the settlement embodied in the plan. It did not address the admissibility of evidence at a confirmation hearing. The ACC Bondholder Group will be free to argue that the rejected settlement proposal is not admissible at any subsequent hearing, and those with a different view will be free to argue to the contrary. The ACC Bondholder Group's further contentions—generally to the effect that the ACC Noteholders Committee's settlement offer would be inadmissible in later proceedings addressing the reasonableness of the settlement embodied in the plan—are not properly before the Court at this time, and opposing parties have not had a chance to respond to them. I express no views as to them.

  The ACC Bondholder Group seeks a somewhat similar ruling with respect to my determination that there was nothing unlawful or illegitimate in the process that led to the proposed settlement. But here I can agree with it only in part. It is true, as the ACC Bondholder Group noted, that I did not conduct an evidentiary hearing before reaching that determination. But it is also true that I based my determinations on a very considerable body of information then known to me, which did not raise material disputed issues of fact, including, most obviously, two undisputed confirmations of my ability to receive reports from the settlement monitor. To the extent the ACC Bondholder Group can bring facts heretofore unknown to me to my attention, or which might cause me to believe that the heretofore undisputed facts upon which I ruled were in fact inaccurate, it can indeed present them, and they will be duly considered. However, the

ACC Bondholder Group will have to recognize that the determinations that I made that seem to trouble it—and specifically, those listed in its bullet points on pages 12 through 14 of its motion—were based on facts as to which there then were no material disputed issues of fact, if there ever will be.

The ACC Bondholder Group then asks me to confirm that the communications between the Monitor and the Court will not be considered as evidence at the confirmation or settlement hearing. (Motion at 14). Of course not; this is self-evident. Such communications, while expressly authorized by the parties, were not evidence, and will not be evidence. To extent that the ACC Bondholder Group needs clarification that the Court "will not consider anything at the confirmation or settlement hearing other than that which is properly admitted into evidence" (Motion at 16), it may have it.

SO ORDERED.

Dated: New York, New York      _s/Robert E. Gerber_
        October 10, 2006                    United States Bankruptcy Judge