UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) | Chapter 11 Cases |
| ) | |
| Adelphia Communications Corporation, <u>et al.</u>, ) | Case No. 02-41729 (REG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**MOTION PURSUANT TO
SECTIONS 105(a) AND 107(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9018 FOR ORDER
AUTHORIZING FILING UNDER SEAL OF
CERTAIN EXHIBITS FILED IN SUPPORT OF THE FINAL FEE
APPLICATION OF UBS SECURITIES LLC AND ALLEN & COMPANY LLC**

TO:   THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE:

UBS Securities LLC ("<u>UBSS</u>") and Allen & Company LLC ("<u>Allen</u>", and collectively with UBSS, the "<u>Advisors</u>"), Mergers & Acquisitions Financial Advisors to Adelphia Communications Corporation, et al. (the "<u>Debtors</u>"), by their undersigned counsel, respectfully represent as follows:

**INTRODUCTION**

1.  By this motion (the "<u>Motion</u>"), the Advisors request entry of an order pursuant to sections 105(a) and 107(b) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") authorizing the Advisors to file, under seal, Exhibits E/F, H, I, J, K, L, M, N and O (collectively, the "<u>Confidential Exhibits</u>") filed in support of the final fee application of the Advisors (the "<u>Final Fee Application</u>").

NY\1205904.1

2. The Advisors have been informed by the Debtors that the information contained in the Confidential Exhibits constitutes confidential commercial information, the public disclosure of which would be damaging to the Debtors. However, the information in the Confidential Exhibits is important supporting detail to the Final Fee Application. Accordingly, the Advisors now seek to file the Confidential Exhibits under seal and to provide for only limited disclosure and service of such information.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested herein are sections 105 and 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## RELIEF REQUESTED

4. By this Motion, the Advisors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Advisors to file the Confidential Exhibits under seal in the Debtors' cases in order to maintain the confidentiality of the information contained therein.

5. The Confidential Exhibits contain confidential commercial information involving (a) previously undisclosed details of the sale of the Debtors' assets to Time Warner NY Cable LLC and Comcast Corporation, (b) sensitive aspects of the sale process, and (c) commercial and financial information of the Debtors. Public disclosure of the Confidential Exhibits could be harmful to the Debtors and their estates and creditors.

6. Disclosure of the information contained in the Confidential Exhibits is not necessary for the protection of the public, creditors of the Debtors or third parties, because (a) the

Final Fee Application is subject to this Court's approval, (b) the Advisors propose to provide copies of the Confidential Exhibits to certain significant parties in interest in these cases as described herein, and (c) the Final Fee Application describes the information contained in the Confidential Exhibits in sufficient detail to allow parties in interest to generally understand the contents of those Confidential Exhibits without disclosing the sensitive information contained therein.

7. The Advisors propose that the Confidential Exhibits remain confidential, be filed under seal and served on and made available only to (i) counsel to the Official Committee of Unsecured Creditors appointed in these cases; (ii) counsel to the Official Committee of Equity Security Holders appointed in these cases; (iii) the Office of the United States Trustee for the Southern District of New York; and (iv) such other parties as may be ordered by the Court or agreed to by the Debtors, provided that such Confidential Exhibits not be made available to the general public.

## BASIS FOR RELIEF

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9.  Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.

10.  The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003). In addition, the Second Circuit has held that a party seeking the sealing of information is only required to show that the information is confidential and commercial, and no showing of "good cause" is necessary, although the Advisors have demonstrated that good cause does exist. Video Software Dealers Assoc., 21 F.3d at 28.

11.  Because the Confidential Exhibits contain sensitive financial information, the Advisors have been informed by the Debtors that disclosure of such information would be disadvantageous and harmful to these estates. Accordingly, the Advisors seek this Court's approval to file the Confidential Exhibits under seal and to limit disclosure of such materials in the manner set forth herein.

## **PROCEDURE**

12. The authorities relied upon herein are set forth above. Accordingly, the Advisors respectfully request that the Court waive the requirement contained within rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

13. Pursuant to Bankruptcy Rule 9018, the Advisors submit that no notice of this Motion need be provided.

NY\1205904.1

## **CONCLUSION**

WHEREFORE, the Advisors respectfully request the Court (a) enter an order, substantially in the form of the annexed order, authorizing the Advisors to file the Confidential Exhibits under seal, and (b) granting such other and further relief as the Court deems just or proper.

Dated: November 1, 2006

    /s/ Richard G. Mason
WACHTELL, LIPTON, ROSEN & KATZ
Richard G. Mason
51 West 52nd Street
New York, NY 10019-6150
Telephone: (212) 403-1000
Telecopy: (212) 403-2000

*Attorneys for Allen & Company LLC*

and

LATHAM & WATKINS LLP

Robert A. Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 485-1234
Telecopy: (213) 891-8763

    /s/ John W. Weiss
John W. Weiss (JW -4222)
885 Third Avenue, Suite 1000
New York, NY 10022-4802
Telephone: (212) 906-1200
Telecopy: (212) 751-4864

*Attorneys for UBS Securities LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) Chapter 11 Cases |
| Adelphia Communications Corporation, et al., | ) Case No. 02-41729 (REG) |
| Debtors. | ) Jointly Administered |

**ORDER AUTHORIZING FILING UNDER SEAL
CERTAIN EXHIBITS FILED IN SUPPORT OF THE FINAL FEE
APPLICATION OF UBS SECURITIES LLC AND ALLEN & COMPANY LLC**

Upon the motion (the "Motion") of UBS Securities LLC ("UBSS") and Allen & Company LLC ("Allen", and collectively with UBSS, the "Advisors"), Mergers & Acquisitions Financial Advisors to Adelphia Communications Corporation, et al. (the "Debtors"), for entry of an order, pursuant to sections 105(a) and 107(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Advisors to file, under seal, Exhibits E/F, H, I, J, K, L, M, N and O (the "Confidential Exhibits") filed in support of the final fee application of the Advisors (the "Final Fee Application"); and it appearing that no notice of the Motion need be provided; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their creditors and all parties in interest; and after due deliberation and due and sufficient cause appearing therefor, it is

ORDERED, that the Motion is granted; and it is further

ORDERED, that capitalized terms used but not defined herein have the meaning ascribed to them in the Motion; and it is further

NY\1205904.1

ORDERED, that (a) the Confidential Exhibits shall remain confidential, be filed under seal and shall be served on and made available only to (i) counsel to the Official Committee of Unsecured Creditors appointed in these cases; (ii) counsel to the Official Committee of Equity Security Holders appointed in these cases; (iii) the Office of the United States Trustee for the Southern District of New York; and (iv) such other parties as may be ordered by the Court or agreed to by the Debtors; and (b) in the case of persons identified in clauses (a)(i) through (iv) above, the person receiving the Confidential Exhibits shall not share or disclose the information contained therein (or any information derived therefrom) with any other persons, provided that the foregoing shall not preclude any of the foregoing persons from orally advising their respective clients (on a need to know basis) regarding the relief requested in the Motion so long as the information contained in or derived from the Confidential Exhibits is not disclosed during the course of such advice; and it is further

ORDERED, that any pleadings filed in these cases that reference or disclose any of the information contained in the Confidential Exhibits shall be filed under seal and served only on those parties authorized to receive the Confidential Exhibits in accordance with this Order; and it is further

ORDERED, that any motion seeking to unseal the Confidential Exhibits shall be in writing, shall conform in all respects with the requirements of Local Bankruptcy Rules 9006-1(b) and (c) and 9013-1, and shall set forth in sufficient detail the basis on which the relief is sought and the need by the moving party to have access to the Confidential Exhibits, and shall be made on notice to (i) counsel for the Debtors, (ii) counsel for the Official Committee of Unsecured Creditors (if such committee is then still in existence), (iii) counsel to the Official Committee of Equity Security Holders (if such committee is then still in existence), (iv) counsel

to the Advisors, and (v) the Office of the United States Trustee for the Southern District of New York; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and decide any dispute related to or arising from this Order.

Dated:   New York, New York
         _____, 2006

_____
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE