David J. McCarty (DM 2021)  
Mette H. Kurth (MK 8072)  
(Both Admitted *Pro Hac Vice*)  
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP  
333 South Hope Street, 48th Floor  
Los Angeles, California 90071  
Tel: (213) 620-1780  
Fax: (213) 620-1398  

*-and-*

Daniel L. Brown (DB 0906)  
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP  
30 Rockefeller Plaza, 24th Floor  
New York, NY 10112  
Tel: (212) 332-3800  
Fax: (212) 332-3888  

*Counsel to U.S. Bank National Association, as Indenture Trustee With Respect to the Arahova Notes*

Hearing Date: December 7, 2006 at 9:45 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **ADELPHIA COMMUNICATIONS CORPORATION**, *et al.*, | Case No. 02-41729 (REG) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE IN RESPECT OF THE ARAHOVA NOTES, TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE FIFTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTORS**

W02-WEST:LMT\400135220.1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. THE INDENTURE TRUSTEE FEE CLAIMS GOVERNED BY SECTION 8.11
    ARE NOT "SUBSTANTIAL CONTRIBUTION" ADMINISTRATIVE
    CLAIMS ...........................................................................................................................2

III. THE CASES CITED BY THE UST ARE NOT TO THE CONTRARY, AND
    CASE LAW IN THIS DISTRICT AND CIRCUIT SUPPORTS THE
    TREATMENT PROVIDED UNDER THE PLAN. .........................................................6

IV. NO FEE APPLICATION IS REQUIRED FOR CLAIMS UNDER SECTION 8.11 .............9

V. CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

Cases

In re General Homes Corp FGMC,
  143 B.R. 99 (Bankr. S.D.Tex. 1992) .................................................................................8

In re Revere Copper and Brass,
  60 B.R. 892 (Bankr. S.D.N.Y. 1986).............................................................................8, 9

In re United Merchants and Manufacturers, Inc.,
  597 F.2d 348 (2nd Cir. 1979).............................................................................................7

In re United Merchants and Manufacturers, Inc.,
  674 F.2d 134 (2nd Cir. 1982).............................................................................................7

Matter of W.T. Grant Co.,
  85 B.R. 250 (Bankr. S.D.N.Y. 1988)............................................................................6, 7

In re W.T. Grant Co.,
  119 B.R. 898 (S.D.N.Y. 1990).......................................................................................6, 7

Statutes

11 U.S.C. § 503(b)(3) .............................................................................2, 3, 4, 6, 7,
                                                                                                    8, 9, 10, 11

U.S. Bank National Association, as Indenture Trustee in respect of the Arahova Notes[1] ("Arahova Trustee"), responds to the Objection of the United States Trustee to the Fifth Amended Joint Chapter 11 Plan of Reorganization of the Debtors ("UST Objection") as it pertains to the fees and expenses of Indenture Trustees ("IT Fees"), as follows:

I.

INTRODUCTION

1. Pursuant to the governing Indenture for the various Arahova Notes, Adelphia promised to pay the reasonable fees and expenses, including attorneys' fees, incurred by the Arahova Trustee. The Arahova Trustee has a charging lien upon all recoveries on the Arahova Notes or the Indentures in respect thereof to secure payment of, among other things, its IT Fees.

2. Section 8.11 of the Plan deals with the portion of the claims under the various notes and corresponding Indentures that are composed of IT Fees. Section 8.11 provides for submission of IT Fee invoices to the Creditors Committee and the other Settlement Parties. If not objected to, they are to be paid by the Plan Administrator. If an objection is asserted, the undisputed portion is to be paid by the Plan Administrator, and, if the dispute cannot be resolved, the respective Indenture Trustee may submit the dispute to this Court for resolution or may assert its charging lien. IT Fees are subject to objections on reasonable grounds, but are not subject to the requirements of 11 U.S.C. § 503(b)(3) and (4) for "substantial contribution" administrative claims.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and certain of its Affiliated Debtors (the "Plan").

W02-WEST:LMT\400135220.1                    -1-

3. The United States Trustee ("UST") has objected on the grounds that the IT Fees must be sought by means of a substantial contribution fee application under 11 U.S.C. § 503(b). The Arahova Trustee respectfully submits that the UST has misinterpreted the intent of the relevant provisions of the Plan, and in so doing has blurred the distinction between ***substantial contribution administrative claims*** under § 503(b) and ***contractual claims*** under Indentures, an important distinction expressly recognized by case law in this district. The provisions of § 503(b) have no application to ordinary contract claims, and hence the UST objection should be overruled.

II.

## THE INDENTURE TRUSTEE FEE CLAIMS GOVERNED BY SECTION 8.11 ARE NOT "SUBSTANTIAL CONTRIBUTION" ADMINISTRATIVE CLAIMS

4. The UST asserts that an Indenture Trustee must have made a substantial contribution in order to be paid. This, of course, would be true if the Indenture Trustees were being paid as an administrative claim under § 503(b)(3). However, the Indenture Trustees are not. The IT Fees are being paid as part of the contractual claim under their respective indentures and notes, just like principal and other amounts. Indeed, the payment of IT Fees is dealt with in a completely different section of the Plan (Section 8.11) than administrative claims (Section 6.2).

5. Under the relevant Indentures, the respective Debtors agreed to reimburse the Indenture Trustees for their reasonable fees and expenses, including attorneys' fees. Thus, the claim under the particular Indenture and corresponding notes is the aggregate of principal, interest and fees. Each Indenture Trustee is entitled to collect its IT Fees through exercise of its

charging lien on the distribution received on account of its respective claim, with the balance being distributed to the noteholders.

6. The Plan could have provided for that treatment expressly, i.e. payment to the Indenture Trustees on behalf of the holders in respect of the full amount of principal, interest and fees, against which the Indenture Trustees would exercise their charging liens to pay their IT Fees. Instead, for convenience, the claim has been dealt with in two pieces. Principal and interest under the Arahova Notes are treated in Section 5.2(f). (There are similar provisions regarding the note claims for which the other Indenture Trustees serve). The IT Fees portion of the claim is then dealt with in a separate section – Section 8.11 – that governs the IT Fees for all of the Indenture Trustees.

7. The fact that the IT Fees portion of the claim is treated in a separate section ***does not make it a substantial contribution administrative claim.*** Indeed, Section 8.11 specifically states that the IT Fee claims will not be subject to the requirements of § 503(b)(3) and (4). Moreover, if Section 8.11 were construed as simply providing a mechanism for making a § 503(b) claim (despite its express language to the contrary), the Plan would need to be modified to provide for the claim for fees and expenses under the Indentures – other than those that the Court determines to have provided a substantial contribution under § 503(b) – as part of the respective note claims.

8. Further, and perhaps most significantly, the treatment of IT Fees separately under Section 8.11 achieves no different result than if they had instead been included as part of the "Arahova Notes" claim. The Plan structure provides for payment of the Arahova Notes in full, less certain "give up" amounts (some or all of which may be recouped under

certain circumstances). Plan, § 5.2(f). Accordingly, whether the Arahova IT Fees are included in the claim or paid separately, the result is still the same – payment of the aggregate of principal, interest and fees, less the give ups. It makes no difference whether the IT Fees are treated in the same section as principal and interest – in which case the recovery is principal plus interest plus fees, less give ups – or whether (as the Plan is currently written) the fees are treated in a separate section – in which case the recovery is principal plus interest, less give ups, plus fees. The total is the same either way.[2]

9.   The Indenture Trustees will receive the same amount no matter how the Plan is structured. If Section 8.11 were not included in the Plan, and if the IT Fees instead were included in the notes claims, the Indenture Trustees would exercise their charging liens against the distributions on the notes, and thereby receive payment in the same amount as if they were paid directly by the estate under Section 8.11.

10.   While we would have had no problem had the Plan included the IT Fees in the note claims in the first instance, we think it would not be prudent to amend the Plan at this point for that purpose. The Plan, including definitions, is over 125 pages long and is immensely complicated. Confirmation hearings are only days away, and, if confirmed, the Plan's Effective Date could occur shortly thereafter. Trying to make hasty changes at this point increases the risk

---

[2]   This is true with respect to the other Indentures at the subsidiary level as well. At the ACC level, the result is also the same. Claims at the ACC level are, in most cases, entitled to the residual value of the estates after paying the subsidiary creditors the amounts provided for in the Plan. Thus, whether the IT Fees of the Indenture Trustees at the ACC level are paid by the estate as part of the treatment provisions for principal and interest or as part of Section 8.11 for IT Fees, the aggregate amounts distributed by the estate on account of principal, interest and indenture trustees' fees remain virtually the same, and the Indenture Trustees would be entitled to assert their charging liens against the distributions.

that mistakes will be made – additional conforming changes required in some other section may be overlooked, etc. Additionally, any change to limit the Indenture Trustees to substantial contribution claims would require that they maintain their charging liens under all circumstances, since the fee claim under the Indentures might include matters that the Court ultimately determines to be outside the realm of "substantial contribution." Not only would this require additional conforming changes under the Plan, but it might result in *duplicate reserves* being created – one by the Plan Administrator for the full amount of the IT Fee claims (to provide the funding for whatever amount ultimately is allowed), and a second reserve by the Indenture Trustees (from distributions that otherwise would be made to noteholders) in order to pay (through charging liens) any IT Fee claims ultimately determined not to be "substantial contribution" claims. This double-barreled chaos of last-minute Plan changes and duplicate reserves is *entirely unnecessary*, since Section 8.11 does nothing more than implement the identical treatment as if the IT Fees were treated as part of the note claims.

11. In short, the Plan does not provide substantial contribution claims to the Indenture Trustees without the requisite showing under § 503(b). It simply deals with the IT Fees portion of the various note claims in a different section of the Plan, without any impact on recoveries.

III.

## THE CASES CITED BY THE UST ARE NOT TO THE CONTRARY, AND CASE LAW IN THIS DISTRICT AND CIRCUIT SUPPORTS THE TREATMENT PROVIDED UNDER THE PLAN.

12. The UST is correct that one is entitled to be paid under § 503(b) only if the requirements of that section are met. However, any suggestion that the § 503(b) "substantial contribution" standards apply even if payment is not sought under that section is unsupportable.

13. The UST cites the Bankruptcy Court's decision in *Matter of W.T. Grant Co.*, 85 B.R. 250 (Bankr. S.D.N.Y. 1988). The UST fails to mention that the Bankruptcy Court's decision was reversed by the District Court. *In re W.T. Grant Co.*, 119 B.R. 898 (S.D.N.Y. 1990). The Bankruptcy Court had determined that the indenture trustee could only recover for services which "clearly benefit the estate." 85 B.R. at 269. The District Court rejected this limitation, noting that an indenture trustee's *contractual claim* for fees is governed by the *provisions of the contract*:

> "However, where fees are sought pursuant to a contractual right to payment, compensation is to be determined in accordance with the contractual provision. . . . [a]n indenture trustee is *contractually* entitled to payment for performance of its duties *regardless of whether its efforts benefited the estate.*" 119 B.R. at 900-901 (emphasis added).

14. This is consistent with Second Circuit law, cited by the District Court in *W.T. Grant*, upholding "the right of an unsecured creditor to be paid the fees and expenses of its counsel as provided in a loan agreement." 119 B.R. at 900, citing *In re United Merchants and*

*Manufacturers, Inc.*, 674 F.2d 134 (2nd Cir. 1982).[3] In *United Merchants*, the Second Circuit, quoting from the Collier treatise, specifically recognized the right to a claim for fees provided for by contract, regardless of whether there is a statutory right to them under the bankruptcy statute:

> "'[I]t should always be remembered that a fee which may not be provided for as a matter of statutory right under the Bankruptcy Act may yet be perfectly permissible as a provable claim and a matter of contract right.'" 674 F.2d at 138.

15. The UST also relies upon *In re General Homes Corp FGMC*, 143 B.R. 99 (Bankr. S.D.Tex. 1992), which, as the UST points out, cites this Court's opinion in *In re Revere Copper and Brass*, 60 B.R. 892 (Bankr. S.D.N.Y. 1986). However, in *General Homes* the Indenture Trustee was ***seeking a substantial contribution claim***. 143 B.R. at 101. ("Bankers Trust takes the position that it has made a substantial contribution to the bankruptcy case . . ..") Citing *Revere Copper and Brass*, the court in *General Homes* stated that "the party's compensation is not dependent on a contractual entitlement to reimbursement, but rather on whether a substantial contribution was made." 143 B.R. at 103. *General Homes* does not deal with the situation where, as here, the Indenture Trustee is not asserting a substantial contribution claim.

---

[3] The UST cites an earlier Second Circuit decision from the United Merchants case, *In re United Merchants and Manufacturers, Inc.*, 597 F.2d 348 (2nd Cir. 1979), as holding that "the Indenture Trustee's contractual arrangement with the debtor did not entitle it to fees and expenses as a ***priority administrative expense*** under Section 64 of the Bankruptcy Act of 1898." UST Objection, p. 8 (emphasis added). Here, however, Section 8.11 of the Plan does *not* seek to pay the IT Fees as administrative expenses, and expressly disclaims the requirements of § 503(b)(3) and (4). Instead, Section 8.11 represents treatment of the Indenture Trustee's allowable contractual claims, to which the Second Circuit's later opinion in *United Merchants* makes clear they are entitled.

W02-WEST:LMT\400135220.1 -7-

16. The *Revere Copper and Brass* case illustrates this distinction even more clearly. Like *General Homes*, the *Revere* case involved a request for payment of a substantial contribution claim under § 503(b). In *Revere*, this Court specifically noted the distinction between a substantial contribution claim under § 503(b) and a contractual claim under the governing indenture:

> "At this juncture, the court must note a ***crucial distinction*** between the entitlement of U.S. Trust to reimbursement of its expenses, including attorneys' fees, ***under the Indenture*** and ***under Code § 503***. A party's entitlement to reimbursement for expenses incurred and services rendered under Code § 503(b)(3), (4) and (5) does not depend on, and is independent of, any contractual entitlement to reimbursement. Entitlement depends, instead, on a showing that a 'substantial contribution' to the case was made. In contrast, a party's ability to recover compensation under any ***contractual agreement*** is determined by the ***applicable terms of the contract*** subject to any court-imposed limitation of reasonableness." 60 B.R. at 895 (emphasis added).

This is <u>precisely</u> what section 8.11 of the Plan does: provides for payment based on the <u>provisions of the Indentures</u>, subject to a reasonableness limitation.

17. In *Revere*, the indenture trustee had waived its contractual right to payment, and hence this Court concluded that it "need not further consider U.S. Trust's contractual entitlement under the terms of the Indenture." *Id.* Significantly, however, this Court discussed the fact that where (unlike in that case) the contractual right to fees and expenses has not been waived, the issue of whether the substantial contribution standard has been met may make no economic difference, since the indenture trustee may be entitled to payment of the full amount on its contractual claim:

> "In some cases the difference may be without economic substance to the debtor because what the indenture trustee is not paid on a substantial contribution theory it will receive under the terms of the

> indenture. Here, however, a substantial contribution award would increase the aggregate expenses to Revere because U.S. Trust has given up its right to reimbursement from the pool of funds allocated to the Debentures." Revere, f.n. 3 (emphasis added).

Once again, this is precisely what is reflected in the Adelphia Plan. The Indenture Trustees have not waived their contractual rights to reimbursement, and hence they are entitled to a contractual claim under the respective indentures, independent of and not subject to the "substantial contribution" requirement of § 503(b). Although the Indenture Trustees <u>could</u> assert an administrative claim for a substantial contribution under § 503(b), there is no reason to do so since they are entitled to a contractual claim unfettered by the "substantial contribution" standard, which is effectuated by Section 8.11.

IV.

### NO FEE APPLICATION IS REQUIRED FOR CLAIMS UNDER SECTION 8.11

18.     Finally, the UST complains that Section 8.11 does not require the Indenture Trustees to file with the Court and serve on the UST an application for payment under § 503(b). As discussed above, this misperceives the payment of fees under Section 8.11, which simply provides for treatment of contractual claims and does not deal with any § 503(b) claim.

19.     Surely the U.S. Trustee is not suggesting that whenever one of the elements of a creditor's claim is fees and expenses (e.g. an oversecured creditor), a fee application must be made under § 503(b). Indeed, this very Plan contains provisions for payment, without a fee application, of the Bank Fee Claims in Accepting Bank Classes, instead providing for review by counsel for the Debtors and submission to the Court only if there is a dispute. Plan, § 5.2(a)(ii)(B). The UST has not objected to these provisions nor asserted that a fee application under § 503(b) must be filed and submitted to the UST for these fees.

W02-WEST:LMT\400135220.1                              -9-

20. The contractual claims of the Indenture Trustees are no different. In fact, the Plan provides even greater oversight as to the IT Fees, requiring submission not only to the statutory fiduciary for all creditors (the Official Creditors Committee) but also to the Settlement Parties, who include creditors from various constituencies across the capital structure. If any of them object to any portion of an IT Fee claim, the disputed portion cannot be paid by the estate unless it is resolved or submitted to this Court for decision.

V.

CONCLUSION

21. The UST's argument that the IT Fees are subject to the "substantial contribution" standard of § 503(b) is based on a misunderstanding of Section 8.11 of the Plan and the nature of the IT Fee claims, and is simply wrong. The procedures for payment of IT Fees under Section 8.11 were carefully drafted to provide an efficient process for expediting distributions while maintaining oversight by the statutory fiduciary for all creditors and Settlement Parties from a variety of creditor constituencies. It is neither necessary nor appropriate to begin tinkering with them on the eve of the confirmation hearings. The UST objection should be overruled.

Dated: December 5, 2006  Respectfully submitted,
Los Angeles, California

/s/ *David J. McCarty*
David J. McCarty (DM 2021)
Mette H. Kurth (MK 8072)
(Admitted *Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071
Tel: (213) 620-1780
Fax: (213) 620-1398
*-and-*
Daniel L. Brown (DB 0906)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, NY 10112
Tel: (212) 332-3800
Fax: (212) 332-3888

*Counsel to U.S. Bank National Association, as Indenture Trustee With Respect to the Arahova Notes*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) | Chapter 11 Cases |
| ) | |
| Adelphia Communications Corporation, et al., ) | Case No. 02-41729 (REG) |
| ) | |
| Debtors. ) | Jointly Administered |

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071.

On December 5, 2006, I served *Response of U.S. Bank National Association, as Indenture Trustee in Respect of The Arahova Notes, to Objection of The United States Trustee to The Fifth Amended Joint Chapter 11 Plan of Reorganization of The Debtors* on the interested party(ies) in this action by Federal Express as follows:

### See Attached Service List

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **December 5, 2006**, at Los Angeles, California.

*/s/ Regina Gordon*
Regina Gordon

W02-WEST:1MHK1\400135171.1                               -1-

Attorneys for the Debtors
Willkie Farr & Gallagher LLP
Attn: Marc Abrams, Esq.
  and Paul V. Shalhoub, Esq.
787 Seventh Avenue
New York, NY 10019

Debtor
Adelphia Communications Corporation
Attn: Brad Sonnenberg, Esq.
5619 DTC Parkway, 8th Floor
Greenwood Village, CO 80111

Counsel to Time Warner and Comcast
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Alan W. Kornberg, Esq.
  and Jeffrey Saferstein, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064

Counsel to Time Warner and Comcast
Ballard Spahr Andrews & Ingersoll, LLP
Attn: William Slaughter, Esq.
  and Richard S. Perelman, Esq.
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Counsel to the Official Committee of
   Unsecured Creditors
Kasowitz Benson Torres & Friedman LLP
Attn: David M. Friedman, Esq.
  and Adam L. Shiff, Esq.
1633 Broadway
New York, NY 10019

Counsel to the Official Committee of Equity
Security Holders
Morgenstern Jacobs & Blue LLC
Attn: Peter D. Morgenstern, Esq.
  and Gregory A. Blue
885 Third Avenue
New York, NY 10022

Office of the United States Trustee
   for the Southern District of New York
Attn: Tracy Hope Davis, Esq.
33 Whitehall Street, 21st Floor
New York, NY 10004-2112

Counsel to Debtors' Prepetition Lender
Mayer, Brown, Rowe & May
Attn: Kenneth Noble, Esq.
1675 Broadway
New York, NY 10019

Counsel to Debtors' Prepetition Lender
Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis F. Dunne, Esq.
One Chase Manhattan Plaza
New York, NY 10005

Counsel to Debtors' Prepetition Lender
Haynes & Boone LLP
Attn: Robin E. Phelan, Esq.
901 Main Street, Suite 3100
Dallas, TX 75202

Counsel to Debtors' Prepetition Lender
Simpson Thacher & Bartlett
Attn: Peter V. Pantaleo, Esq.
425 Lexington Avenue
New York, NY 10017