GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
Allan S. Brilliant, Esq. (AB 8455)
Gina Lynn Martin, Esq. (GM 1324)
Brian W. Harvey, Esq. (BH 2518)

Counsel to Highfields Capital Management, LLC
and Tudor Investment Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :    Chapter 11
                                                            :
ADELPHIA COMMUNICATIONS                                     :    Case No. 02-41729 (REG)
CORPORATION, et al.,                                        :
                                                            :    (Jointly Administered)
                    Debtors.                                :
                                                            :
------------------------------------------------------------x

**STATEMENT OF HIGHFIELDS CAPITAL MANAGEMENT AND
TUDOR INVESTMENT CORPORATION IN SUPPORT OF
THE MEMORANDUM OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN SUPPORT OF THE PAYMENT OF
SETTLEMENT PARTY FEE CLAIMS PURSUANT TO
SECTION 6.2(d) OF THE CONFIRMED CHAPTER 11 PLAN**

Highfields Capital Management ("Highfields") and Tudor Investment Corporation ("Tudor" and together with Highfields, the "ACC Settling Parties") by and through their undersigned counsel respectfully submit this Statement (the "Statement") in support of the Memorandum of the Official Committee of Unsecured Creditors in Support of the Payment of Settlement Party Fee Claims pursuant to Section 6.2(d) of the Confirmed Chapter 11 Plan (the "Creditors' Committee Memorandum").

LIBC/3157171.1

## Background

1. On March 30, 2007, in accordance with the terms of the Plan[1] and Confirmation Order, the ACC Settling Parties filed the Application of Highfields Capital Management, LLC, Tudor Investment Corporation and Chesapeake Partners LP for Allowance and Payment of Professional Fees and Reimbursement of Expenses Pursuant to 11 U.S.C. §§503(b)(3)(D) and 503(b)(4) for Making a Substantial Contribution in these Chapter 11 Cases (the "ACC Settling Parties' Application").

2. On October 3, 2007, counsel to the ACC Settling Parties attended this Court's Status Conference regarding the various fee applications filed with this Court by the Settlement Parties.

3. Pursuant to this Court's Order dated October 30, 2007, setting forth a timetable for resolution of factual and legal issues regarding such fee applications, the ACC Settling Parties hereby submit this Statement in Support of the Creditors' Committee Memorandum.

## Statement

4. As set forth in the ACC Settling Parties' Application, the efforts of Highfields and Tudor in the Debtors' Chapter 11 Cases were instrumental in obtaining approval of, and ultimately, confirmation of, the Debtors' Plan. Without Highfields and Tudor actively negotiating and supporting prosecution of the Global Settlement Agreement it is doubtful that the Debtors would have been able to confirm their chapter 11 Plan. The efforts of the ACC Settling Parties was not without a price -- they spent hundreds of hours negotiating a settlement, documenting it, incorporating the settlement into a plan, describing it accurately in a disclosure

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain Affiliated Debtors (the "Plan").

2

statement, testifying at hearings, responding to discovery requests, preparing briefs in opposition to appeals, and drafting and negotiating key plan documents, including the Plan Administration Agreement and CVV Trust Agreement. Reimbursement of the fees and expenses that the ACC Settling Parties have already paid to their attorneys in connection with these efforts will only ensure that they obtain the same recovery as the other holders of ACC Senior Notes that greatly benefited from their efforts.

5. It is not disputed by any party that part of the Global Settlement Agreement provided for the payment of attorneys' fees of the Settlement Parties. As set forth in the Creditors' Committee Memorandum, section 6.2(d) of the Plan was a highly negotiated, integral part of the settlement. For the reasons set forth in the Creditors' Committee Memorandum the ACC Settling Parties urge this Court to give effect to such provision and approve the fees on a standard of "reasonableness" as provided for under the Plan.

6. Although the ACC Settling Parties fervently believe that their actions made a "substantial contribution" to the Debtors' chapter 11 cases, they respectfully agree with the discussion contained in the Creditors' Committee Memorandum that reimbursement of fees and expenses of the Settlement Parties is authorized pursuant to Section 1129(a)(4) of the Bankruptcy Code and Bankruptcy Rule 9019 and, therefore, this Court does not need to consider whether the applications satisfy Section 503(b) of the Bankruptcy Code. The ACC Settling Parties urge this Court to respect the terms of the Global Settlement Agreement, that was adequately disclosed in the Debtors' Plan and Disclosure Statement, and nearly unanimously approved by the Debtors' creditors, pursuant to the Debtors' confirmed Plan.

LIBC/3157171.1

## Conclusion

For the foregoing reasons, the ACC Settling Parties respectfully request that this Court allow the Settlement Party Fee Claims to be subject only to a reasonableness analysis, as provided for in Section 6.2(d) of the Plan.

Dated: New York, New York
November 13, 2007

                                       s/ Gina Lynn Martin
                                       Allan S. Brilliant (AB 8455)
Gina Lynn Martin (GM 1324)
Brian W. Harvey (BH 2518)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
Counsel to Highfields Capital Management, LLC and Tudor Investment Corporation