**Hearing Date and Time: June 1, 2026 at 10:00 a.m. (ET)**
**Objection Deadline: May 26, 2026 at 4:00 p.m. (ET)**

Matthew A. Feldman
Betsy L. Feldman
Alex M. Bisogno
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
mfeldman@willkie.com
bfeldman@willkie.com
abisogno@willkie.com

*Counsel to the Plan Administrator*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Adelphia Communications Corp., | ) | Case No. 02-41729 (SHL) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**PLAN ADMINISTRATOR'S MOTION FOR
(I) FINAL DECREE CLOSING THE DEBTOR'S CHAPTER 11
CASE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 3022, (II) TERMINATING CLAIMS
AND NOTICING AGENT, AND (III) GRANTING RELATED RELIEF**

Development Specialists, Inc., in its capacity as Plan Administrator (the "Plan Administrator") for Adelphia Communications Corporation, as debtor in the above-captioned case (the "Debtor") hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules") for an order closing

the Debtor's chapter 11 case.  In support of the Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), the *First Modified Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain of its Affiliated Debtors*, dated January 3, 2007 (the "Plan"), and the January 5, 2007 order confirming the Plan (the "Confirmation Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## GENERAL BACKGROUND

2.      On June 25, 2002 (the "Petition Date"), the Debtor, together with its affiliated debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.  On January 5, 2007, this Court entered the Confirmation Order and confirmed the Plan.  The effective date of the Plan occurred on February 13, 2007 (the "Effective Date"), and the Plan has been substantially consummated.  On July 10, 2007, September 2, 2007, October 16, 2007, February 4, 2008, November 1, 2010, and September 7, 2011, this Court entered final decrees to close all of the Debtors' cases except for the Debtor's case.

3.      As of the date hereof, the Debtors have resolved all outstanding claims and made substantially all distributions on account of such claims pursuant to the Plan.

**RELIEF REQUESTED**

4.       By this Motion, the Plan Administrator respectfully requests that the Court enter the Proposed Order and final decree substantially in the form attached hereto as Exhibit A (the "Final Decree") (i) closing the Debtor's chapter 11 case, (ii) authorizing the Debtor to take all actions necessary to file any outstanding tax returns, dissolve the remaining Debtor entity and trusts, and settle final distributions and any payments due to the Office of the United States Trustee for the Southern District of New York (the "United States Trustee"), among other things,[1] and (iii) terminate the services and appointment of Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent for the Debtor.

**BASIS FOR RELIEF**

5.       Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further states that "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."  Fed. R. Bankr. P. 3022. Accordingly, where a chapter 11 estate has been fully administered, the entry of a final decree closing the case is mandatory.

6.       The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth

---

[1] Additionally, the Plan Administrator, upon a reasonable request from a party in interest, request authorization to: (1) provide a summary of the final accounting of the remaining trusts and assets, and an anticipated timeline for final distributions and dissolution of any remaining entities and trusts; and (2) maintain the Plan Administrator's contact information, and include such information on the official restructuring website.

the following non-exclusive factors to be considered in determining whether an estate has been fully administered:

(1) whether the order confirming the plan has become final;
(2) whether deposits required by the plan have been distributed;
(3) whether the property proposed by the plan to be transferred has been transferred;
(4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan;
(5) whether payments under the plan have commenced; and
(6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991 Amendment).

7.          Courts typically use the six factors listed in the Advisory Committee Note to analyze whether a case has been fully administered. *See, e.g.*, *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (observing that the Advisory Committee Note criteria are "a number of factors for the Court to consider before entering a final decree"); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 676 (2d Cir. 2003).  These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Kliegl Bros.*, 238 B.R. at 542; *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994).  Indeed, the Southern District of New York has recognized that "the approach that looks to the Advisory Note provides a more complete and flexible standard for determining when to close a chapter 11 case, and is therefore preferable." *Ericson v. IDC Servs., Inc. (In re IDC Servs., Inc.)*, 1998 WL 547085, *1, *3 (S.D.N.Y. Aug. 28, 1998).  Moreover, "[a] court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully

4

administered." *In re Federated Dep't Stores, Inc.*, 43 Fed.Appx. 820, 822 (6th Cir. 2002); *see also In re SLI, Inc.*, 2005 WL 1668396, *1, *1-2 (Bankr. D. Del. June 24, 2005).

8.      The Advisory Committee Note to Bankruptcy Rule 3022 also provides that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991 Amendment). Moreover, "[t]he court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *Id.* Importantly, a final decree closing the case after the estate is fully administered "does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code." *Id.*

9.      In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same); *see also In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

10.     Applying the foregoing legal standard, this chapter 11 case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code and Bankruptcy Rule

5

3022, and entry of a final decree closing these cases is warranted. On January 5, 2007, the Court entered the Confirmation Order confirming the Plan. Following entry of the Confirmation Order, the Effective Date occurred on February 13, 2007. Following years of claim resolutions and distributions, the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code. Among other things, all property contemplated to be transferred or distributed pursuant to the Plan has been transferred or distributed to all creditors entitled to such distributions, and distributions under the Plan have commenced and been substantially completed. Additionally, as of the date hereof, the Debtor has resolved all outstanding claims and made substantially all distributions on account of such claims pursuant to the Plan. Notably, since 2007 approximately $15,000,000,000.00 has been distributed to creditors pursuant to the Plan, through approximately 50 distributions. There are no remaining motions, contested matters, or adversary proceedings pending before the Court that would preclude the entry of a final decree. Accordingly, every factor set forth in the Advisory Committee Note to Bankruptcy Rule 3022 weighs in favor of closing this chapter 11 case.

11.     The Debtor further requests that the Court close this chapter 11 case in light of section 1930(a)(6) of title 28 of the United States Code, which requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Such fees represent a continuing financial burden on the Debtor's estate. To date, the Debtors have paid over $1,400,000.00 in quarterly fees. Courts have recognized that entry of a final decree is appropriate, in part, to stop the accrual of such fees. *See In re Junior Food Mart of Ark., Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case so that "no further [section 1930] fees accrue"); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D.

6

Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor").

### TERMINATING EPIQ AS CLAIMS AND NOTICING AGENT

12.     Epiq was retained to, among other things, maintain, record, and administer distributions and proofs of claims filed in this chapter 11 case.  As previously discussed, substantially all distributions have been made.  Accordingly, the Plan Administrator no longer requires the services of Epiq except for the limited purposes of (1) serving as an agent to distribute the final plan distribution, (2) preparing and docketing the final claims registers for the Clerk's Office for the United States Bankruptcy Court for the Southern District of New York (the "Clerk's Office") pursuant to the current guidelines for implementing 28 U.S.C. § 156(c), and (3) taking such further actions as may be required at the direction of the Clerk's Office.

### THE CLOSING REPORT

13.     In accordance with Local Rule 3022-1, attached hereto as Exhibit B is a copy of the closing report, which includes a summary of the fees and expenses awarded to the professionals retained by the Debtors during the chapter 11 case.

### NOTICE

14.     The Plan Administrator will provide notice of this Motion to all parties entitled to receive notice pursuant to the Confirmation Order.  In light of the nature of the relief requested, the Plan Administrator submits that no other or further notice need be given.

### NO PRIOR REQUEST

15.     No previous motion for the relief sought herein has been made to this Court or to any other court.

*[Remainder of page intentionally left blank]*

7

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other relief as is just and proper.

Dated: May 11, 2026          WILLKIE FARR & GALLAGHER LLP
       New York, New York

By:    */s/ Matthew A. Feldman*
    Matthew A. Feldman
    Betsy L. Feldman
    Alex M. Bisogno
    787 Seventh Avenue
    New York, New York 10019
    Telephone:  (212) 728-8000
    Facsimile:  (212) 728-8111
    mfeldman@willkie.com
    bfeldman@willkie.com
    abisogno@willkie.com

    *Counsel to the Plan Administrator*