Matthew A. Feldman
Betsy L. Feldman
Alex M. Bisogno
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
mfeldman@willkie.com
bfeldman@willkie.com
abisogno@willkie.com

*Counsel to the Plan Administrator*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | |
| Adelphia Communications Corp., | ) | Case No. 02-41729 (SHL) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OMNIBUS REPLY IN SUPPORT OF PLAN
ADMINISTRATOR'S MOTION FOR (I) FINAL
DECREE CLOSING THE DEBTOR'S CHAPTER 11 CASE
PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 3022, (II) TERMINATING
CLAIMS AND NOTICING AGENT, AND (III) GRANTING RELATED RELIEF**

Development Specialists, Inc., in its capacity as Plan Administrator (the "Plan Administrator") for Adelphia Communications Corporation, as debtor in the above-captioned case (the "Debtor") hereby files this omnibus reply (the "Reply") in support of *Plan Administrator's Motion for (I) Final Decree Closing the Debtor's Chapter 11 Case Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, (II) Terminating Claims and Noticing Agent, and (III) Granting Related Relief* [Docket No. 14994] (the "Motion")[1] and in response to the objections

---

[1]    Capitalized terms used but not defined in this Reply have the meanings given them in the Motion.

filed by Mr. Mapin Desai [Docket No. 14887] and Mr. Patrick Foote [Docket No. 14886] (each, an "Objection" and together "Objections"). In support of the Motion, the Plan Administrator respectfully submits the *Declaration of Thomas P. Jeremiassen in Support of the Plan Administrator's Motion for (I) Final Decree Closing the Debtor's Chapter 11 Case Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, (II) Terminating Claims and Noticing Agent, and (III) Granting Related Relief*, attached hereto as Exhibit A (the "Jeremiassen Declaration"), and respectfully states as follows:

## REPLY

1.      The Objections attempt to forestall the conclusion of this case, but neither objecting party has standing or any real basis to do so. To the extent the objecting parties held stock in the Debtors prior to the Effective Date, such interests were either cancelled pursuant to the Plan (Plan § 8.6) and were not entitled to any distribution (Plan § 2.4), or are not entitled to a recovery ahead of senior creditors.

2.      Additionally, on their merits, each of the arguments made in the Objections is unfounded. At base, Mr. Desai continues to raise arguments about missing assets, circumventing distribution priority, and "ignoring" prior rulings and established laws that the Court has considered and overruled on multiple occasions in the past. And, Mr. Foote asserts a similar argument regarding "hidden assets" that this Court has addressed and overruled.

3.      As this Court may recall, Mr. Desai is a serial objector. Since 2013, Mr. Desai and certain family members have filed approximately sixty (60) objections or letters on the docket. To date, the Court has overruled each of Mr. Desai's objections to the various motions filed in this case, including: (i) in 2013, when the Court overruled Mr. Desai's objection to the Debtors' motion seeking clarification of certain ambiguities in their confirmed chapter 11 plan [Docket No. 14592]; (ii) in 2015, when the Court approved the Trust's motion seeking to further extend the term of the

2

Trust and approving certain wind-down steps [Docket No. 14631]; (iii) in 2017, when the Court entered an order regarding numerous letters filed by Mr. Desai regarding the lack of distributions to shareholders and finding that there was "no basis for it to take action" [Docket No. 14670]; (iv) in 2019, when the Court so-ordered the stipulation and order approving a successor plan administrator [Docket No. 14762]; and (v) in 2020, when the Court entered an order authorizing the Debtors to pay off the Tow Note [Docket No. 14803].  Annexed hereto as Exhibit B through Exhibit F are transcripts from the relevant hearings relating to the above, if applicable (sub-clauses (i), (ii) and (iv) above), a related letter to the Court addressing certain of these matters (sub-clause (iii) above), and this Court's order addressing a related matter (sub-clause (v) above).

4.      These prior objections overlap with many of Mr. Desai's current objections and primarily relate to his arguments that: (i) the relief sought was in circumvention of a June 17, 2008 decision by Judge Lawrence McKenna and a May 26, 2010 decision by the Second Circuit Court of Appeals; (ii) the relief sought was in violation of the so-called New York and Pennsylvania out of pocket rules; (iii) the relief sought disregarded the distribution waterfall provided for under the Plan; and (iv) there are billions of dollars of hidden assets.

5.      As the Court noted at past hearings with respect to Mr. Desai's prior objections:

> [M]uch of what you have here is a repeat of objections [Mr. Desai] filed in this case numerous times, that Judge Gerber has dealt with before and that I dealt with, as well, in 2017 (See June 13, 2019 Hr'g Tr. 16:2-5); and

> As to the objection, the primary objections that been provided by Mr. Desai is a repeat of objections he's made stretching back for some time, including 2013, 2017, with his argument that it's clear that all creditors of Adelphia have been paid what they are due.  That was rejected by Judge Gerber, who had the case from its inception, and it was also rejected by me in 2017, when it was brought before me. There was no appeal of my order in 2017.  That's all law of the case, res judicata, collateral estoppel; whatever legal label you would like to put on it (See id. at 20:9-18).

For the same reasons these objections were rejected then, they should be rejected now.

Further, as if the Court's prior rulings are not justification enough to overrule Mr. Desai's repeated arguments, Mr. Desai's current Objection lacks evidentiary support. Along these lines, Mr. Desai continues to ignore each of the post-confirmation status reports signed under penalty of perjury, which provide information about the steps taken to execute the Plan and existing balances of assets and liabilities. As this Court is aware, in 2025, Adelphia entered into the Tow settlement, which brought several millions of dollars into the estate. See Docket No. 14803. This money was distributed in accordance with the approved waterfall and as of March 31, 2026, just under $900,000 remained to make a final distribution and winddown the estate. See Docket No. 14881.

6. Similar to Mr. Desai, Mr. Foote also argues that there are "hidden assets." No evidence supports this claim. To the contrary, the Debtor has demonstrated that it has less than $900,000 in remaining assets as of March 31, 2026. See Jeremiassen Declaration. Additionally, this Court has explicitly addressed this assertion in the past and found it has no merit. See June 13, 2019 Hr'g Tr. 21:18-21 ("[T]he trial made very clear what's left in the case and the particular issues that need to be pursued, those were all explained very clear by all parties.").

7. For the reasons set forth above, the Plan Administrator respectfully submits that the Objections should be overruled.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court overrule the

Objections and approve the Motion.

Dated:  May 27, 2026     WILLKIE FARR & GALLAGHER LLP
   New York, New York


         By: */s/ Matthew A. Feldman*
          Matthew A. Feldman
          Betsy L. Feldman
          Alex M. Bisogno
          787 Seventh Avenue
          New York, New York 10019
          Telephone:  (212) 728-8000
          Facsimile:  (212) 728-8111
          mfeldman@willkie.com
          bfeldman@willkie.com
          abisogno@willkie.com

          *Counsel to the Plan Administrator*